UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephanie Jo Duncan f/k/a<br>Stephanie Winges,<br><br>              Plaintiff,<br><br>v.<br><br>Bank of America, N.A.;<br>BAC Home Loans Servicing, LP;<br>U.S. Bank, N.A.; and Nationstar<br>Mortgage, LLC,<br><br>              Defendants. | Civil No. 14-901 (DWF/SER)<br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

___

Frederic W. Knaak, Esq., Holstad & Knaak PLC; and Wayne B. Holstad, Esq., Wayne B. Holstad, PLC, counsel for Plaintiff.

Mark G. Schroeder, Esq., Briggs & Morgan, PA; and Keith S. Anderson, Esq., Bradley Arant Boult Cummings LLP, counsel for Defendants Bank of American, N.A., BAC Home Loan Servicing, LP, and U.S. Bank, N.A.

David R. Mortensen, Esq., Wilford, Geske & Cook, PA, counsel for Defendant Nationstar Mortgage, LLC.

___

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants Bank of America, N.A. ("BANA"), BAC Home Loan Servicing, LP ("BAC"), U.S. Bank, N.A. ("U.S. Bank"), and Nationstar Mortgage, LLC (collectively, "Defendants"). (Doc. No. 4.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

The facts of this case were previously set forth in a prior lawsuit in this District brought by Plaintiff against Defendants ("*Duncan I*"), which was dismissed without prejudice on February 13, 2014. (Doc. No. 7 ("Anderson Aff.") ¶ 7, Ex. F (Civ. No. 13-3079, PAM/FLN) ("*Duncan I* Order").)  The Court summarizes the relevant facts below.

This is a mortgage case involving allegations relating to a mortgage loan executed on June 8, 2006, for property located in Lino Lakes, Minnesota (the "Property"). (Doc. No. 1, Compl. ¶ 8.) At the time the mortgage loan was executed, Brian R. Winges ("Winges") and Plaintiff were married and jointly owned the Property. (Compl. ¶ 7.) The mortgage loan transaction was evidenced by a note (the "Note") executed by Winges and a mortgage on the Property (the "Mortgage"), which serves as security for the Note, and was executed by Winges and Plaintiff. (Compl. ¶¶ 8-9, 12; Anderson Aff. ¶¶ 2, 3, Exs. A & B.)[1]

The original holder of the Mortgage was Mortgage Electronic Registration Services, Inc. ("MERS"), who later assigned it to BANA, successor by merger to BAC f/k/a Countrywide Home Loans Servicing LP, on February 29, 2012. (Compl. ¶ 13; Anderson Aff. ¶ 4, Ex. C.)  BANA then assigned the Mortgage to U.S. Bank, as Trustee, on April 16, 2012. (Anderson Aff. ¶ 5, Ex. D.)

---

[1] The Court may consider documents pertaining to the Mortgage that are attached to Plaintiff's Complaint and the Anderson Affidavit, as they are necessarily embraced by the Complaint or are matters of public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

On May 17, 2007, Plaintiff obtained a Final Judgment and Decree of Divorce, which granted Plaintiff all marital right, title, interest and equity in the Property. (Compl. ¶¶ 10-11.) Plaintiff has not assumed the Note obligation. (*Id*. ¶¶ 22-25.) On February 14, 2013, Winges filed for Chapter 7 Bankruptcy protection. (*Id*. ¶ 21.)

On October 18, 2013, Plaintiff filed *Duncan I* seeking a declaratory judgment voiding the Mortgage based on allegations that are substantially similar to those made in the present action. Defendants removed *Duncan I* to this Court and filed a motion to dismiss. In an Order dated February 13, 2014, Judge Paul A. Magnuson granted Defendants' motion to dismiss without prejudice, and granted Plaintiff thirty days to file a new complaint. (*Duncan I* Order.) In the *Duncan I* Order, Judge Magnuson concluded that Plaintiff's title to the Property was subject to the Mortgage, Winges' bankruptcy proceedings did not invalidate the Mortgage, and Plaintiff's purported bad faith loan servicing claim was not recognized by law. (*Duncan I* Order at 3-5.)

On March 27, 2014, Plaintiff initiated the present action in Minnesota state court. (Compl.) On April 1, 2014, Defendants removed the action to this Court. (Doc. No. 1, Notice of Removal.) In her Complaint, Plaintiff asserts two claims: declaratory judgment and specific performance. (Compl. ¶¶ 28-35.) Defendants move to dismiss Plaintiff's claims for failure to state a claim. (Doc. No. 4.)

## DISCUSSION

I.   **Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Plaintiff's Claims

Defendants argue that Plaintiff's claims previously failed as a matter of law in *Duncan I*, wherein Plaintiff's claims were dismissed without prejudice. Defendants argue that Plaintiff has reasserted the same material allegations that were previously rejected by the Court.

### A.     Declaratory Judgment

In the prior lawsuit, Plaintiff sought a declaration that she is the fee simple owner of the Property, that the mortgage is invalid, and that Defendants have no remaining interest in the Property. (*Duncan I* Order at 3.) In the present action, Plaintiff again seeks a declaration that she is the fee simple owner of the Property, that she is free from any and all mortgage interest in the Property, and that Defendants have no right, title, estate or interest in the Property. (Compl. ¶¶ 28-33.)

Plaintiff's declaratory judgment claim fails for several reasons. First, Plaintiff pleads only speculative and conclusory allegations to support her claim. For example, Plaintiff asserts that the Mortgage is invalid, but does not plead any facts that would show that the Mortgage is not a lawful lien on the Property.

Second, Winges' Bankruptcy Action does not invalidate the Mortgage. Just as Judge Magnuson held in *Duncan I*, Winges' bankruptcy proceedings do not impact Plaintiff's obligation to pay the Mortgage debt. The Court agrees with the reasoning in the *Duncan I* Order:

> The law is clear that a discharge of debt in bankruptcy discharges a debtor's personal liability, but does not "deprive a mortgagee of its right to collect its debt in rem." *In re Fisette*, 455 B.R. 177, 184 (B.A.P. 8th Cir.

>   2011).  Indeed, the bankruptcy code expressly provides that a discharge
>   operates as an injunction against any attempt to collect a debt "as a personal
>   liability of the debtor."  11 U.S.C. § 524(a)(2).  A discharge, does not,
>   without more, affect a creditor's right to collect a debt in rem by
>   foreclosing a mortgage.  *Harmon v. U.S. through Farmers Home Admin.*,
>   101 F.3d 574, 579 (8th Cir. 1996); *see also In re Annen*, 246 B.R. 337, 340-
>   41 (B.A.P. 8th Cir. 2000 (holding that it is "well established" that liens pass
>   through bankruptcy unaffected).

(*Duncan I* Order at 3-4.)  Thus, for the same reasons articulated in Judge Maguson's Order in *Duncan I*, the Court concludes that Winges' bankruptcy discharge did not affect Defendants' right to collect the amount owed under the Mortgage.[2]

Finally, the Mortgage does not impair Plaintiff's homestead rights.  Plaintiff argues that the failure to obtain her signature on the Note disrupts her homestead rights.  Plaintiff's argument, however, is misplaced.  There is no dispute that title to the Property is vested in Plaintiff, stemming from the divorce decree and/or quit claim deed from Winges.  However, the only interest that Winges could convey was his half interest in the Property subject to the Mortgage.  Plaintiff cites to Minnesota Statute section 507.02 ("Conveyances by Spouses") ("If the owner is married, no conveyance of the homestead . . . shall be valid without the signatures of both spouses.").  Minn. Stat. § 507.02.  This statute does not provide authority for her arguments, however.

Here, the conveyance of the homestead is subject to the Mortgage, and the Mortgage was signed by both Plaintiff and Winges.  (Doc. No. 7 ¶ 3, Ex. B.)  Plaintiff suggests that the Note is a conveyance.  It is not.  The Note is a contract by which

---

[2]   In addition, the Court notes that the Note is not the debt, but rather evidence of the debt, and that the Mortgage itself provides that Plaintiff is obligated to pay the "debt evidenced by the note."  (*Duncan I* Order at 4.)  Therefore, Plaintiff has an independent obligation regarding the debt.

Winges promised to repay the debt. The Note did not create an interest in real estate or affect title to the Property. *See, e.g.*, *Jackson v. Mort. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 493-94 (Minn. 2009). Thus, even in the absence of her signature on the Note, the Property conveyed to her was subject to the Mortgage.

For the above reasons, the Court concludes that Plaintiff has not alleged any facts that would demonstrate that the Mortgage is invalid. Therefore, Plaintiff's cause of action for declaratory judgment fails.

### B.   Specific Performance

Plaintiff also asserts a claim for specific performance. Plaintiff asserts that Defendants have failed to provide Plaintiff with required tax documentation establishing that Plaintiff has made monthly mortgage payments and is entitled to a tax deduction for interest paid. (Compl. ¶ 34.) First, specific performance is a remedy, not a cause of action. *See Lane v. CMG Mortg., Inc.*, Civ. No. 14-3277, 2015 WL 2195176, at *7 (D. Minn. May 11, 2015).

Second, to the extent that Plaintiff is attempting to assert a claim based on Defendants' loan servicing, the claim fails. In *Duncan I*, the Court dismissed Plaintiff's claim for bad faith loan servicing:

> The Court agrees that there is no claim for bad faith loan servicing under Minnesota law and that this claim must also be dismissed. The allegations in the Complaint suggest, however, that Defendants may be forcing [Plaintiff] into foreclosure. [Plaintiff] alleges that she has unsuccessfully attempted to make mortgage payments and to assume the note previously held by Winges. Defendants have not responded to the substance of allegations. The Court will allow [Plaintiff] the opportunity to re-plead this aspect of her case with a claim recognized by law.

(*Duncan I* Order at 4-5.)  Here, Plaintiff has not pleaded facts supporting a claim recognized by law.  Further, Plaintiff has failed to plead any facts suggesting that Defendants owed Plaintiff a legal duty that would have entitled her to a remedy of specific performance.[3]

## ORDER

Based upon the parties' submissions and arguments, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [4]) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. 1, Ex. A) is **DISMISSED WITH PREJUDICE**.

Dated:  June 18, 2015            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

---

[3]    In her opposition, Plaintiff argues that she is entitled to damages for Defendants' failure to accept her payments and alleges that Defendants have breached a contract. (Doc. No. 12 at 5-6.)  Plaintiff, however, has not asserted a claim for breach of contract. Nor has Plaintiff sought to amend her Complaint to assert a breach of contract claim. Thus, there is no breach of contract claim before the Court.